UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                Case No. 08-20049
                                                  Honorable Thomas L. Ludington

v.

DERRIS O'NEAL,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR REDUCTION
OF SENTENCE AND REQUEST FOR COUNSEL**

Derris O'Neal is currently serving a 120-month sentence for distributing crack cocaine. On September 27, 2011, O'Neal filed a motion requesting application "of the new retroactive crack cocaine guidelines" to his sentence, which would result in a reduction. *See* Def.'s First Mot., ECF No. 21. O'Neal also requests that "Erick Procheck be appointed" as his counsel. *Id*. On June 13, 2013, O'Neal filed a second motion requesting a reduction of his sentence, this time pursuant to 18 U.S.C. § 3582(c). *See* Def.'s Second Mot. 1, ECF No. 22. Based on what follows, both motions will be denied.

**I**

The Anti-Drug Abuse Act of 1986 established severe penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was dramatic: 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In 2010, Congress enacted the Fair Sentencing Act (FSA), Pub. L. No. 111–220, 124 Stat. 2372, which narrowed the disparity between sentences for crack cocaine offenders and powder cocaine offenders. Instead of 100-to-1, it now stands at 18-to-1. In other words, the FSA imposes upon an offender who dealt in powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of crack cocaine. The FSA took effect on August 3, 2010.

Among other things, the FSA reduced the statutory minimum sentences for crack cocaine offenses by increasing the quantity of crack cocaine necessary to trigger the minimums—raising the amount from 5 grams to 28 grams for the 5-year minimum sentence, and from 50 grams to 280 grams for the 10-year minimum sentence. *See* FSA § (2)(a). The FSA also directed the Sentencing Commission to conform the sentencing guidelines to the new statutory minimums "as soon as practicable, and in any event not later than 90 days" after the FSA's enactment. *Id*. § (8)(1). The Sentencing Commission then promulgated amendments to the guidelines, reducing the recommended sentencing ranges to levels consistent with the FSA, to be applied retroactively. *See* U.S. Sentencing Guidelines Manual App. C Amends. 750, 759 (2011).

The Sixth Circuit originally concluded that the FSA's new mandatory minimums did not affect the penalties associated with crimes committed before the statute's effective date. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). But with *Dorsey*, the Supreme Court established that "Congress intended the [FSA's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335. Accordingly, the FSA's amended mandatory minimums only affect defendants sentenced after August 3, 2010.

But the new advisory guidelines, promulgated by the Sentencing Commission pursuant to the FSA, are different. As the Sentencing Commission established in Amendment 759, the

altered guidelines "may be considered for retroactive application." U.S. Sentencing Guidelines Manual App. C Amend. 759 (2011). Accordingly, the new guidelines may apply to alter a sentence imposed before August 3, 2010.

Title 18 U.S.C. § 3582 provides the mechanism for defendants, the government, and even the Court to move for reduced sentences based on the newly-promulgated guidelines. Indeed, § 3582(c)(2) establishes that a court may modify a term of imprisonment that has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Thus, upon a motion by either party, or even sua sponte, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Accordingly, "when the sentencing judge relied on the sentencing guidelines and those guidelines are later made more lenient," a final sentence may be modified. *United States v. Hameed*, 614 F.3d 259, 262 (6th Cir. 2010). In such a situation, courts are to engage in a two-part inquiry to determine eligibility for a reduction: (1) whether the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) whether a reduction in the defendant's sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *see also United States v. McClain*, 691 F.3d 774, 778–79 (6th Cir. 2012).

**II**

On June 10, 2008, O'Neal pleaded guilty to distributing almost 75 grams of cocaine base. He was held responsible for 74.62 grams of cocaine base, which set his base offense level

as 30 under the pre-FSA guidelines. That offense level was reduced by three because of O'Neal's acceptance of responsibility—for a total offense level of 27. When combined with O'Neal's criminal history, calculated as category III, O'Neal's advisory guideline range was 87 to 108 months. The presentence report noted that O'Neal had a previous felony-drug conviction, however, and thus a statutory minimum of 120 months applied. *See* 21 U.S.C. § 841(b)(1)(B) (2008) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years"). On September 15, 2008, the Court sentenced O'Neal to 120 months' imprisonment. *See* J. 2, ECF No. 20.

As noted above, in 2010 Congress enacted the FSA, which substantially reduced the mandatory minimums associated with crack cocaine offenders like O'Neal. Subsequently, the Sentencing Commission amended the sentencing guidelines applicable to crack cocaine offenders. O'Neal has filed two motions for a reduced sentence, both of which will be construed pursuant to § 3582(c)(2) (O'Neal brings the first under "Amendment 750").

But § 3582(c)(2) only allows for a sentence reduction when the sentence imposed was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." O'Neal's sentence was not based on a guidelines range that later changed, but rather a statutorily-imposed mandatory minimum. And, as the Sixth Circuit recently made clear in *United States v. Blewett*, No. 12-5226, 2013 WL 6231727 (6th Cir. Dec. 3, 2013) (en banc), the FSA's new mandatory minimums do "not apply to defendants sentenced before its effective date." *Id*. at *8. So, even if O'Neal's guideline range was reduced, the 120-month statutory minimum in effect at the time of his sentencing still applies. Because his motions for a reduction will be denied, O'Neal's request for counsel is moot.

**III**

Accordingly, it is **ORDERED** that O'Neal's first motion for a sentence reduction, ECF No. 21, is **DENIED** and request for counsel is **DENIED AS MOOT**.

It is further **ORDERED** that O'Neal's second motion for a sentence reduction, ECF No. 22, is **DENIED**.

Dated: June 2, 2014                                          s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Derris O'Neal, #41888-039, P.O. Box 1000, Morgantown W.V., 26507-1000 by first class U.S. mail on June 2, 2014.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS